UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SHAWNTE ANNE LEVY,

    Plaintiff,

    v.

GOVERNOR LARRY HOGAN,
SECRETARY ROBERT L. GREEN,
COMMISSIONER WAYNE HILL,
DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONAL SERVICES,
CHIEF ORLANDO JOHNSON,
KEEFE COMMISSARY NETWORK,
DR. LYNDA BONIES and
WARDEN JEFF NINES,

    Defendants.

Civil Action No.: TDC-20-1905

**MEMORANDUM ORDER**

Plaintiff Shawnte Anne Levy, a self-represented prisoner housed at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to Proceed in *Forma Pauperis*. As Levy appears to be indigent, the Motion will be granted.

Levy's Complaint asserts that she is transgender and suffers from severe gender dysphoria, and that Defendants, state actors and the private entity Keefe Commissary Network ("KCN"), refuse to recognize her status as female and have subjected her to discrimination. She alleges that she has been denied classification as a female and is thus denied housing in a facility designated for females and the privileges afforded to female inmates, including access to products available

for purchase at the commissary operated by KCN.  Plaintiff seeks only injunctive relief and brings this action against Defendants in their official capacity.

These allegations, however, are largely duplicative of claims pending in another active case filed by Levy in this Court.  *See Levy v. Green, et al.*, No. TDC-18-1291 ("*Levy I*").  The Court has the power to dismiss a suit that is duplicative of another federal suit.  *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 579 (D. Md. 2004) ("[W]hen a suit is pending in federal court, a plaintiff has no right to assert another action on the same subject in the same court, against the same defendant at the same time." (quoting *Curtis*)); *Jenkins v. Gaylord Entertainment Co.*, 840 F. Supp. 2d 873, 883 (D. Md. 2012).  In assessing whether the second case is duplicative, courts consider whether (1) the second suit "duplicates the first where it . . . arises out of the same operative facts"; and (2) whether the "interests of judicial economy and avoiding vexatious litigation outweigh the plaintiff's interest in bringing the second suit." *Jenkins*, 840 F. Supp. at 883; *Lacy v. Nat'l R.R. Passenger Corp.*, No. RDB-14-cv-0179, 2014 WL 6967957, at *6 (D. Md. Dec. 8, 2014), *aff'd*, 600 F. App'x 127 (4th Cir. 2015).

In *Levy I*, on October 15, 2019, Levy filed an Amended Complaint alleging the failure to provide her with sex reassignment surgery; the failure to classify her as female and designate Levy to a women's prison; and the failure to provide her with access to women's products through the commissary or otherwise.  In *Levy I*, Levy likewise seeks injunctive relief only against the defendants in their official capacities.  The primary defendants in the present action, Defendants Robert Green, the Secretary for the State of Maryland Department of Public Safety and Correctional Services ("DPSCS"), and KCN were both named defendants in *Levy I*.  The

2

allegations in the present case thus arise out of the same operative facts, and are in fact encompassed by, the claims in the Amended Complaint in *Levy I*.

On the second prong, Levy has now filed six different cases relating to how the Maryland prisons have treated and classified her in light of her gender dysphoria. Considerations of judicial economy and avoiding vexatious litigation thus weigh heavily in favor of dismissal of this largely duplicative case. The fact that the present case names certain new defendants does not provide a basis to maintain the second suit. Although Defendants Governor Larry Hogan; the DPSCS; Commissioner Wayne Hill of the Maryland Division of Correction; Orlando Johnson, Chief of Security Operations of DPSCS; Dr. Lynda Bonies, Chief of the Gender Dysphoria Committee of the DPSCS; and Jeff Nines, Warden of NBCI, were not specifically named as defendants in *Levy I*, Levy named comparable state officials as defendants in that case, as well as Does 1-25. Where Levy has named these state officials in their official capacities, her claims against them are effectively claims against the state. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, adding these Defendants to *Levy I* is likely unnecessary to allow for a favorable adjudication of her claims. In any event, any need to have claims against these specific defendants can be accomplished through a motion for leave to either substitute in or add them as defendants in *Levy I*, not by pursuing a separate case.

Because the present case is duplicative of *Levy I*, the Court will dismiss the present action. In light of the impending dismissal, the Court will dismiss as moot Levy's Motion for Appointment of Counsel, ECF No. 6, and her Motion for a Permanent Injunction, ECF No. 8.

For the foregoing reasons, it is hereby ORDERED that:

1. The Complaint, ECF No. 1, is DISMISSED.

2. The Motion for Leave to Proceed in *Forma Pauperis*, ECF No. 2, is GRANTED.

3. The Motion for Appointment of Counsel, ECF No. 6, is DISMISSED AS MOOT.

4. The Motion for a Permanent Injunction, ECF No. 8, is DISMISSED AS MOOT.

5. The Clerk shall MAIL a copy of this Order to Levy.

6. The Clerk shall CLOSE this case.

Date:   January 30, 2021                                  /s/ *Theodore D. Chuang*
                                                         THEODORE D. CHUANG
                                                         United States District Judge